JACOB R. SCHIFF, Plaintiff, v. TURNPIKE ESTATES, INC., Appellant, and CONRAD GLASER and Others, Defendants. ALBERT BONYNGE, Referee, Respondent.— Order granting the motion of the respondent, a referee who sold real property under a judgment of foreclosure and sale, for an extra allowance, reversed on the law and the facts, without costs, and the motion denied, without costs. The referee personally sold the premises at auction, and it appears that, as is usual, the papers relating to the sale and to the closing of title were prepared by the attorney for the plaintiff in the action, the referee approving and adding his signatures thereto. The fact that the referee was required to receive and account for the cash received from the purchaser is of itself insufficient ground for awarding more than the referee's fee provided by the judgment. Under all the facts and circumstances of the case, this court cannot find that any of the services performed were additional to those for which $100 was allowed. It was not a proper exercise of discretion to make an extra allowance. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

KATHRYNE SHANNON, Respondent, v. MARGARET V. BERGENER, Appellant.— Appeal by defendant from a judgment entered in favor of the plaintiff upon the verdict of a jury in an action to recover damages for personal injuries alleged to have been sustained through the negligence of the defendant. Defendant also appeals from an order denying a motion to set aside the verdict and for a new trial. Judgment reversed on the law and the facts, with costs, and complaint dismissed on the law, with costs. Appeal from order dismissed, without costs. A finding that plaintiff fell on one of the steps because of an alleged defect therein is against the weight of the evidence. For the existence of such an alleged defect defendant was not chargeable with negligence. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

RUTH GIFFORD TYSEN and FRANCES ELLIS NUTT, Appellants, v. POIRIER & McLANE CORPORATION and STATEN ISLAND RAPID TRANSIT RAILWAY CO., Respondents, and Another, Defendant.— Action for damages for alleged conversion of dirt or soil taken from land on a tract in Staten Island owned by the plaintiffs. Judgment for the defendants unanimously affirmed, with costs. The complaint should have been dismissed at the close of the entire case, or a verdict directed for the defendants. This disposition was required by the language of the lease and the concessions of the plaintiffs in respect of the right of the tenant to remove the hill in question in connection with the grading of the premises for use as an air field. Since the tenant had a right to authorize such removal, the doing of the work by the contractor under an arrangement with the tenant involved no wrong-doing on the part of either the contractor or the railroad defendant. The appeals from the orders entered June 20, 1940, are dismissed, without costs, as academic. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.